# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

LEARY BOWSER,

          Plaintiff,

v.

CAPITAL ONE BANK (U.S.A.), N.A.,

          Defendant.

Case No. 1:16-cv-02215-KBJ

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Capital One Bank (U.S.A.), N.A. ("Capital One"), by and through its attorneys, now answers Plaintiff's Complaint, as follows:

Except as expressly admitted or qualified hereafter, Capital One denies each and every allegation of the Complaint.

## INTRODUCTION

1. With respect to the allegations set forth in paragraph 1 of the Complaint, Capital One admits that Plaintiff alleges claims based on the Telephone Consumer Protection Act ("TCPA"). Capital One denies it violated the TCPA.

## JURISDICTION AND VENUE

2. With respect to the allegations set forth in paragraph 2 of the Complaint, Capital One admits that jurisdiction in this Court is proper, except that Capital One denies that Plaintiff has Article III standing under the United States Constitution. Capital One denies any remaining allegations in paragraph 2.

3. With respect to the allegations set forth in paragraph 3 of the Complaint, Capital One admits that it conducts business in the District of Columbia and admits personal jurisdiction in this Court is proper. Capital One denies any remaining allegations in paragraph 3.

4. With respect to the allegations set forth in paragraph 4 of the Complaint, Capital One admits that venue in this Court is proper. Capital One denies any remaining allegations in paragraph 4.

## PARTIES

5. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

6. The allegations set forth in paragraph 6 of the Complaint constitute a legal conclusion to which no response is required. To the extent that any response is required, Capital One denies the allegations set forth in paragraph 6.

7. Capital One denies the allegations set forth in paragraph 7 of the Complaint.

8. The allegations set forth in paragraph 8 of the Complaint constitute a legal conclusion to which no response is required. To the extent that any response is required, Capital One denies the allegations set forth in paragraph 8.

9. Capital One denies the allegations set forth in paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore denies them.

11. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore denies them.

12. With respect to the allegations set forth in paragraph 12 of the Complaint, Capital One admits that it attempted to reach Plaintiff by telephone. Capital One denies that it attempted to reach Plaintiff by telephone in January 2016 or thereafter. Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the number called was assigned to a cellular telephone owned or used by Plaintiff. Capital One denies the remaining allegations in paragraph 12.

13. With respect to the allegations set forth in paragraph 13 of the Complaint, Capital One admits that, on occasion, it places calls with technology that meets the Federal Communications Commission's ("FCC") current interpretation of what constitutes an automatic telephone dialing system for purposes of the TCPA. Should the FCC change its interpretation during the pendency of this matter or should the FCC's interpretation be reversed, modified, or vacated by a United States Court of Appeal, Capital One reserves the right to revise its answer. Capital One denies any remaining allegations in paragraph 13.

14. Capital One denies the allegations set forth in paragraph 14 of the Complaint.

15. Capital One admits that calls placed to make payment arrangements were not placed to Plaintiff for emergency purposes and denies any other allegations set forth in paragraph 15 of the Complaint.

16. Capital One denies the allegations set forth in paragraph 16 of the Complaint.

17. Capital One denies the allegations set forth in paragraph 17 of the Complaint.

18. Capital One denies the allegations set forth in paragraph 18 of the Complaint.

19. Capital One denies the allegations set forth in paragraph 19 of the Complaint.

## TELEPHONE CONSUMER PROTECTION ACT

20. Capital One repeats and realleges its responses to each of the foregoing allegations as if fully stated herein.

21. With respect to the allegations set forth in paragraph 21 of the Complaint, Capital One admits that it attempted to reach Plaintiff by telephone, on a telephone number he provided when he applied for his Capital One credit card. Capital One further admits that, on occasion, it places calls with technology that meets the FCC's current interpretation of what constitutes an automatic telephone dialing system for purposes of the TCPA. Should the FCC change its interpretation during the pendency of this matter or should the interpretation be reversed, modified, or vacated by a United States Court of Appeals, Capital One reserves the right to revise its answer. Capital One denies any remaining allegations in paragraph 21.

22. Capital One admits that calls placed to make payment arrangements were not placed to Plaintiff for emergency purposes and denies any other allegations set forth in paragraph 22 of the Complaint.

23. Capital One denies the allegations set forth in paragraph 23 of the Complaint.

24. Capital One denies the allegations set forth in paragraph 24 of the Complaint.

25. Capital One denies the allegations set forth in paragraph 25 of the Complaint.

26. Capital One denies the allegations set forth in paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

Capital One denies that Plaintiff is entitled to the relief requested, including subparts a-e.

## DEMAND FOR JURY TRIAL

Capital One admits that Plaintiff demands a jury trial but denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant Capital One alleges the following:

### First Affirmative Defense: Consent

1. The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his consent.

2. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3. To the extent Capital One has received consent to place calls to Plaintiff through customer agreements, written or verbal statements, or otherwise, her claims are barred.

### Second Affirmative Defense: Constitutionality of Statutory Damages

4. Capital One incorporates by reference the foregoing allegations in its Affirmative Defenses.

5. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

6. When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense: Offset

8. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9. Plaintiff may have accounts with Capital One upon which she owes.

10. Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Plaintiff to Capital One.

### Fourth Affirmative Defense: Lack of Standing

11. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that he is in the zone of interests the TCPA is intended to protect.

13. To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

### Reservation of Rights

14. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

15. Capital One expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

**Wherefore,** Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant Capital One any such further relief to which it may be entitled.

Dated: January 18, 2017    Respectfully submitted,

**CAPITAL ONE BANK (U.S.A.), N.A.**

/s/ *Elizabeth A. Hutson*

Elizabeth A. Hutson (D.C. Bar No. 1024845)
MCGUIREWOODS, LLP
2001 K Street, N.W.
Suite 400
Washington, DC 20006
Tel: (202) 857-1729
Fax: (202) 828-2990
ehutson@mcguirewoods.com

*Counsel for Defendant*


## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to the following:

        Amy Lynn Bennecoff Ginsburg, Esq.
        Kimmel & Silverman, P.C.
        30 E. Butler Pike
        Ambler, PA 19002
        *Attorney for Plaintiff*

        /s/ *Elizabeth A. Hutson*

        Elizabeth A. Hutson (D.C. Bar No. 1024845)
        MCGUIREWOODS, LLP
        2001 K Street, N.W.
        Suite 400
        Washington, DC 20006
        Tel: (202) 857-1729
        Fax: (202) 828-2990
        ehutson@mcguirewoods.com

        *Counsel for Defendant*